YESID ANDRES CASALLAS
RODRIGUEZ,

     *Petitioner,*

v.                            Case No. 3:26-cv-702-JEP-MCR

WARDEN, BAKER CORRECTIONAL
INSTITUTE, et al.,

     *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, an immigration detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming that Respondents violated the Administrative Procedure Act and the Fourth and Fifth Amendments by mandatorily detaining him under 28 U.S.C. § 1225. (*See* Doc. 3 at 18-24). He also filed an emergency motion for a temporary restraining order. (Doc. 4). In the motion, he asks the Court to "enjoin[] Respondents from removing him, or transferring him from this district, unless and until he receives a full and fair adjudication of his pending Asylum, Withholding, and Relief under the Convention Against Torture claim and this Court resolves his Habeas Corpus petition." (*Id.* at 4). In the proposed order filed along with the motion, he asks the Court to enjoin Respondents from (1) transferring him from

this district and from the state of Florida; (2) moving him unless they provide his counsel with advance written notice; and (3) detaining him. (*Id.* at 27).

Temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983). Petitioner seeks, in part, not to preserve the status quo, but to obtain the affirmative relief sought in the petition on an expedited basis. Regardless, the Court finds Petitioner fails to show a substantial likelihood of success on the merits. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). As such, the motion is due to be denied.

Accordingly, it is **ORDERED**:

1.     Petitioner's emergency motion for a temporary restraining order (Doc. 4) is **DENIED**.[1]

2.     The **Clerk of Court** shall send a copy of the petition (Doc. 3) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and

---

[1] Petitioner's counsel must comply with Local Rule 6.01(c).

2

Warden or Facility Director, North Florida Detention Center, 20706 U.S. Highway 90 West, Sanderson, Florida 32087. All costs of service shall be advanced by the United States.

3.   Respondents, within **30 days** from the date of this Order, shall respond to the petition and show cause why the petition should not be granted.

4.   If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

5.   The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

6.   After Respondents file a response, Petitioner shall have **30 days** to file a reply to Respondents' response.

**DONE AND ORDERED** in Jacksonville, Florida, on April 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record